STATE OF LOUISIANA

VS  No.8468

JORDY BROS.SLATE COMPANY

CHARLES F.CLAIBORNE,Judge.

December 11" 1922

Court of Appeal
PARISH OF ORLEANS
FILED Dec 11/22
J.D.Stanabury

8468

Charles F.Claiborne,Judge.

This is a suit for a license as "contractor" in the slating business for the years 1919,1920,1921,defendants deny that they are contractors;they allege that they are engaged in the retail business of selling slates,and also as subcontractors for laying slates on the roofs of buildings;that they have paid their license as retail dealers for the years 1919,1920,1921;they admit that they have never paid licenses as contractors or sub-contractors,that the license on the amounts earned by them as sub-contractors have been paid by the general contractors on the amounts of the subcontracts made by them among whom are Glover,Petty,and Heinrichs,and that to collect again from the defendants would amount to double taxation;and that they are not liable to any license except that of retail dealers.

The learned Judge of the trial court decided in favor of the State and against the defendants,and they ake have appeal ed.

In the briefs filed by the defendants in this Court, they admit that the questions is narrowed down to the point as to whether they owe a license as sub-contractors).

They reply in the negative for two reasons:First that they are not in fact ("contractors") in any sense of the(word), and that the revenue law makes no provision for(sub-contractors); that it is a case of casus omissus which cannot be supplied by the Courts: and second,that since general contractors pay their licenses on the total gross annual receipts of their business they include the amounts paid by them to their subcontractors, and to license the latter would amount to double taxation,- and that the State cannot collect from contractors and sub-contractors for one and the same thing.

129

Section 14 of act 171 of 1898 page 415 reads as follows:
'That the annual license for the kinds of business herein
after named shall be graduated in thirteen classes,as follows,vi

" That for every company carry on the business of master-
builders,contractors the license for said occupation shall be
seventh class when said gross annual receipts are $5000 are or
more and less than $6000 the license shall be $50 "

Act 62 of 1906 page 95 is in practically the same
language.=

Section 25 of act No.233 of 1920 page 433 mentions only
the (contractor),

The error of the defendants is to style themselves
sub-contractors-they are such as regards the owner and others;
but as between themselves and the builder they are"contractors"
for they make a contract directly with the builder,and as such
are"contractors";and it is upon their receipts,as such"contrac-
tors ",that the State grades their license if they make contracts
with builders it does not appear that they do not make them with
owners also if defendants'construction was correct,the result
would be that no retailer of merchandise would be liable for
any license,for the price received by them has already been
included in the" receipts " for merchandise sold by them to
retailers-It is not the merchandise sold that is taxed in
either case;it is the receipts for the merchandise sold,which
are different in the hands of each.These receipts suppose on
the part of each a certain amount of profits,and those are
the things taxed.It is evident that the receipts and profits
of the one are different from the receipts and profits of the
other and belong to different persons.Nor is their double
taxation.In one case the license is levied upon the contracts
made by the owner with the master builder,and in the other case
it is levied on the contracts made between the master builder

*with*

and others- We see no error in the judgment.It is therefore ordered that the judgment herein be affirmed-